PETERSON and wife, Respondents, vs. EBERL and wife, Appellants.

*September 15—October 12, 1948.*

*Elliot N. Walstead* of Milwaukee, for the appellants.

For the respondents there was a brief by *Bernard J. Hankin,* attorney, and *Bendinger, Hayes & Kluwin* of counsel, all of Milwaukee, and oral argument by *Mr. Hankin.*

ROSENBERRY, C. J. The defendants state the question involved as follows:

"Can the trial court order that a contract between the parties be reformed and decree specific performance of the contract as so reformed in the absence of any testimony from plaintiffs to show that the original contract did not correctly state the intention and agreement of the parties, and in the face of defendants' positive and uncontradicted testimony that the original contract represented the agreement and intention of the parties?"

Instead of stating the question involved the defendants made a short summary of their argument and position in the case. The real question involved is whether the evidence sustains the finding of the trial court. An examination of the appellants' appendix discloses that there was ample evidence offered and received in the case to sustain each one of the court's findings. For instance, the defendant claims that his testimony to the effect that the original contract represented the agreement and intention of the parties was positive and uncontradicted. The plaintiff testified: "I thought I was buying a twenty-five-foot lot and a foot from lot No. 1. . . . Mr. Eberl told me that the lot was too narrow and that he had purchased a foot of lot No. 1. . . . At the time I negotiated for the sale

of this property I intended to purchase both of the buildings on lot 2 and the lot and one foot of lot No. 1."

There is other testimony to the same effect. What the defendants really claim is that on the basis of their contention the contract did not represent the agreement between the parties.

It is undisputed in the case that the defendants have never offered an abstract of the title to the west one foot of lot No. 1, as the contract requires them to do, although they allege in their answer that the buyers have refused to waive the defects in title. As it is in this, so it is in relation to other controverted questions of fact. It is quite apparent from a consideration of the record that the defendants are attempting to repudiate their contract, and have made no good-faith effort to comply with its terms.

Upon the whole record it is considered that the findings of the trial court are sustained, and that the findings made sustain the judgment, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.